**UNITED STATES of America,**

v.

**David M. GRIGGS, a/k/a David Briggs, a/k/a David Greggs, a/k/a James Brook, a/k/a David Drummond David M. Griggs, Appellant.**

**No. 02–2956.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 20, 2003.

Decided June 19, 2003.

Before SCIRICA, Chief Judge,
NYGAARD and BECKER Circuit Judges.

## OPINION

BECKER, Circuit Judge.

This is an appeal by David M. Griggs from the judgment in a criminal case following a bench trial at which Griggs was found guilty on three counts of a superseding indictment charging him with possession with intent to distribute cocaine base (and aiding and abetting the crime). The procedural history is involved, but both that history and the underlying facts are well known hence we need not repeat it here.

The issues on appeal arise out of the District Court's denial of a motion to suppress evidence seized in a warranted search of Griggs' car which was driven by Eric Saunders and in which Griggs was a passenger. Following the suppression hearing, defense counsel submitted to the District Court an unpublished Pennsylvania Superior Court opinion reflecting that a Pennsylvania trial court judge had, in a previous case, questioned the credibility of the arresting state trooper. The District Court denied the suppression motion, and in so ruling held that it would not give consideration to the credibility assessment made by the Pennsylvania trial court judge. As stated by the District Court, "that a witness's credibility was questioned in another case has nothing to do with his credibility in this case."

Griggs argues that the District Court erred as a matter of law in ruling that the unpublished memorandum opinion could not be considered in assessing the credibility of the state trooper's suppression hearing testimony. He also submits that the District Court erred as a matter of law in ruling that there was reasonable suspicion based on articulable facts to justify the stop of the vehicle and that the consent to search was voluntary. We disagree.

The unpublished opinion issue is simply disposed of by the fact that this very issue was presented by Saunders in his appeal to this Court in *United States v. Saunders*, No. 02–2956. On January 8, 2002, the panel issued its opinion in *Saunders* upholding the District Court's exclusion of the state court operations. That opinion supplies the law of the case. Even if it does not, we find it persuasive. At all events, the able District Judge did not abuse his discretion in excluding the unpublished state opinions.[1]

We also reject Griggs' arguments about the validity of the stop. The District Court found it to be a valid traffic stop. Cpl. Jankouskas testified that the vehicle swerved three times from the right lane of traffic onto the right berm as it was traveling westbound on Interstate 80. The Court's findings are supported by the evidence, and it committed no error of law. Neither was the District Court's ruling that the consent to search was signed voluntarily clearly erroneous.

The judgment of the District Court will be affirmed.

---

1. And while on the stand, Cpl. Jankouskas, the state trooper who conducted the vehicle search, was not asked about the stops in the unpublished state court opinions nor given an opportunity to explain them.